IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY LASHAWN HAMPTON,

    Petitioner,                   No. CIV S-11-0541 WBS DAD P

    vs.

M.D. MCDONALD, Warden,

    Respondent.               ORDER

_____/

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are several motions including respondent's motion to dismiss the petition, petitioner's motion for a stay and abeyance and petitioner's motion to "vacate" his motion for a stay and abeyance. Petitioner has also filed a motion for appointment of counsel.

**BACKGROUND**

    By way of background, in 2007, a Sacramento County Superior Court jury convicted petitioner of first-degree murder and two counts of first-degree robbery. As a result of those convictions, petitioner was sentenced to 33 years to life in state prison. On December 29, 2009, the California Court of Appeal for the Third Appellate District affirmed the judgment

/////

1

1  of conviction and sentence.  On March 10, 2010, the California Supreme Court denied review.
2  (Pet. at 2-3, Resp't's Lodged Docs. 1 & 3.)

3        On February 23, 2011, petitioner commenced this action by filing a federal
4  petition for writ of habeas corpus.[1]  In his petition, petitioner raises four claims for federal habeas
5  relief: (1) his judgment of conviction should be vacated due to Baston/Wheeler error at trial, (2)
6  there was insufficient evidence introduced to support his conviction, (3) his judgment of
7  conviction should be vacated due to instructional errors (CALCRIM No. 1601), and (4) he
8  received ineffective assistance of counsel.

9        After filing his federal petition in this case, petitioner filed a petition for writ of
10 habeas corpus in the California Supreme Court.  Therein, petitioner raised the following three
11 claims: (1) ineffective assistance of counsel, (2) ineffective assistance of appellate counsel, and
12 (3) the trial court improperly influenced the jury.  On August 31, 2011, the California Supreme
13 Court denied state habeas relief.  (Resp't's Lodged Doc. 4, Petn'r's Opp'n to Resp't's Mot. to
14 Dismiss, Attach.)

**THE PARTIES' MOTIONS**

16       Counsel for respondent has filed a motion to dismiss the federal habeas petition,
17 arguing that petitioner failed to exhaust Claims 3 and 4 of that petition by first presenting them to
18 the California Supreme Court.  As to Claim 3, counsel for respondent argues that petitioner never
19 presented this claim in any petition filed with the California Supreme Court.  As to Claim 4,
20 respondent's counsel acknowledges that petitioner filed an exhaustion petition which included an
21 ineffective assistance of counsel claim with the California Supreme Court shortly after filing this
22 federal habeas action.  However, counsel argues that the state high court had not ruled on the
23 exhaustion petition at the time respondent moved to dismiss the federal petition.  (Resp't's Mot.
24 to Dismiss (Doc. No. 14) at 3.)

---

[1] This is the filing date, applying the mailbox rule announced in Houston v. Lack, 487 U.S. 266, 276 (1988).

2

Initially, petitioner responded to this motion to dismiss by filing a motion for a stay and abeyance. Therein, he explained that he had filed an exhaustion petition with the California Supreme Court asserting his ineffective assistance of counsel claim as well as two other claims. Not long thereafter, petitioner filed a motion to "vacate" his motion for a stay and abeyance because the California Supreme Court had denied his exhaustion petition. In addition, petitioner at that time filed an opposition to respondent's motion to dismiss and argued that he had presented Claim 3 of his pending federal petition "on appeal." He also reiterated that he recently exhausted his ineffective assistance of counsel claim in his exhaustion petition before the California Supreme Court. (Petn'r's Mot. for Sty. & Abey. at 3-4, Petn'r's Mot. to Vacate at 1, Petn'r's Opp'n to Resp't's Mot. to Dismiss 1-3.)

**DISCUSSION**

Respondent's motion to dismiss the pending federal habeas petition has been rendered moot, in part, by the California Supreme Court's denial of petitioner's exhaustion petition. As counsel for respondent acknowledges, petitioner included Claim 4 of his federal habeas petition in his exhaustion petition filed with the California Supreme Court. Although the California Supreme Court had not ruled on the petition at the time respondent's counsel filed respondent's motion to dismiss, the high court has since denied petitioner's exhaustion petition. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) ("A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in the federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."). As to Claim 3 of petitioner's federal habeas petition, the court declines to make a determination at this time as to whether that claim is exhausted. For the reasons discussed below, by this order the court will allow petitioner to file an amended petition containing all of the claims, including those newly exhausted, that he wishes to pursue in this action. After screening the amended petition, the court will order respondent to file a new response to the
/////

amended federal habeas petition.  At that time, respondent's counsel may renew any exhaustion arguments if so desired.

As to petitioner's motion for a stay and abeyance, it too has been rendered moot by the California Supreme Court's denial of his exhaustion petition.  Petitioner acknowledges as much in his motion to "vacate" or withdraw his motion for a stay and abeyance.  In any event, after reviewing petitioner's motion for a stay and abeyance, the court notes that petitioner appears to have exhausted his ineffective assistance of counsel claim as well as two additional claims challenging the trial court's alleged improper influencing of the jury and the alleged ineffective assistance provided by petitioner's appellate counsel.  Neither of these latter claims are set forth in the federal habeas petition now before the court.  However, petitioner indicated in his motion for a stay and abeyance that he wishes to eventually amend his federal petition to include all of the claims he presented to the California Supreme Court in his exhaustion petition.  Habeas corpus petitions may be amended as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242.  Pursuant to the Federal Rules of Civil Procedure, "a court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(b).  Under the circumstances of this case, and in the interest of justice, the court will grant petitioner leave to amend his petition to include all of the exhausted claims he wishes to present in this action.

However, the court strongly cautions petitioner that if he elects to include Claim 3 of the pending petition in his amended petition, he may still face an exhaustion challenge if he has not fairly presented that claim to the California Supreme Court.  A petitioner satisfies the exhaustion requirement by providing the <u>highest</u> state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1986).  Similarly, the court cautions petitioner that if he elects to amend his petition to include his newly-exhausted claims, he may face a statute of limitations challenge if his newly-exhausted claims are untimely filed with this court and do not relate back to the claims presented in his original federal petition.  A

petitioner's amendments made after the statute of limitations has run will relate back to the date of his original pleading only if the new claims arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.  See <u>Mayle v. Felix</u>, 545 U.S. 644 (2005).

**OTHER MATTERS**

Also pending before the court is petitioner's motion for appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings.  See <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (Doc. No. 14) is denied without prejudice;

2. Petitioner's motion for a stay and abeyance (Doc. No. 16) is denied as moot;

3. Petitioner's motion to "vacate" or withdraw his motion for a stay and abeyance (Doc. No. 19) is granted;

4. Within thirty days of the date of service of this order petitioner shall file an amended petition containing all of the claims he wishes to proceed on in this action.  Any amended petition must be filed on the form employed by this court, must name the proper respondent, and must state all claims and prayers for relief on the form.  It must bear the case number assigned to this action and must bear the title "Amended Petition";

5. Petitioner's motion for appointment of counsel (Doc. No. 20) is denied; and

/////
/////
/////

6. The Clerk of the Court is directed to send petitioner the form for habeas corpus application.

DATED: November 7, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hamp0541.moot