1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANNY LASHAWN HAMPTON,

11          Petitioner,              No. CIV S-11-0541 WBS DAD P

12      vs.

13   M.D. MCDONALD, Warden,

14          Respondent.              ORDER

15   _____/

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Pending before the court are several motions including

18   respondent's motion to dismiss the petition, petitioner's motion for a stay and abeyance and

19   petitioner's motion to "vacate" his motion for a stay and abeyance.  Petitioner has also filed a

20   motion for appointment of counsel.

21                          **BACKGROUND**

22          By way of background, in 2007, a Sacramento County Superior Court jury

23   convicted petitioner of first-degree murder and two counts of first-degree robbery.  As a result of

24   those convictions, petitioner was sentenced to 33 years to life in state prison.  On December 29,

25   2009, the California Court of Appeal for the Third Appellate District affirmed the judgment

26   /////

1  of conviction and sentence.  On March 10, 2010, the California Supreme Court denied review.

2  (Pet. at 2-3, Resp't's Lodged Docs. 1 & 3.)

3  On February 23, 2011, petitioner commenced this action by filing a federal

4  petition for writ of habeas corpus.[1]  In his petition, petitioner raises four claims for federal habeas

5  relief: (1) his judgment of conviction should be vacated due to <u>Baston</u>/<u>Wheeler</u> error at trial, (2)

6  there was insufficient evidence introduced to support his conviction, (3) his judgment of

7  conviction should be vacated due to instructional errors (CALCRIM No. 1601), and (4) he

8  received ineffective assistance of counsel.

9  After filing his federal petition in this case, petitioner filed a petition for writ of

10  habeas corpus in the California Supreme Court.  Therein, petitioner raised the following three

11  claims: (1) ineffective assistance of counsel, (2) ineffective assistance of appellate counsel, and

12  (3) the trial court improperly influenced the jury.  On August 31, 2011, the California Supreme

13  Court denied state habeas relief.  (Resp't's Lodged Doc. 4, Petn'r's Opp'n to Resp't's Mot. to

14  Dismiss, Attach.)

15  **THE PARTIES' MOTIONS**

16  Counsel for respondent has filed a motion to dismiss the federal habeas petition,

17  arguing that petitioner failed to exhaust Claims 3 and 4 of that petition by first presenting them to

18  the California Supreme Court.  As to Claim 3, counsel for respondent argues that petitioner never

19  presented this claim in any petition filed with the California Supreme Court.  As to Claim 4,

20  respondent's counsel acknowledges that petitioner filed an exhaustion petition which included an

21  ineffective assistance of counsel claim with the California Supreme Court shortly after filing this

22  federal habeas action.  However, counsel argues that the state high court had not ruled on the

23  exhaustion petition at the time respondent moved to dismiss the federal petition.  (Resp't's Mot.

24  to Dismiss (Doc. No. 14) at 3.)

25  ───────────────────

26  [1]  This is the filing date, applying the mailbox rule announced in <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

1    Initially, petitioner responded to this motion to dismiss by filing a motion for a

2    stay and abeyance.  Therein, he explained that he had filed an exhaustion petition with the

3    California Supreme Court asserting his ineffective assistance of counsel claim as well as two

4    other claims.  Not long thereafter, petitioner filed a motion to "vacate" his motion for a stay and

5    abeyance because the California Supreme Court had denied his exhaustion petition.  In addition,

6    petitioner at that time filed an opposition to respondent's motion to dismiss and argued that he

7    had presented Claim 3 of his pending federal petition "on appeal."  He also reiterated that he

8    recently exhausted his ineffective assistance of counsel claim in his exhaustion petition before

9    the California Supreme Court.  (Petn'r's Mot. for Sty. & Abey. at 3-4, Petn'r's Mot. to Vacate at

10   1, Petn'r's Opp'n to Resp't's Mot. to Dismiss 1-3.)

11                                    **DISCUSSION**

12    Respondent's motion to dismiss the pending federal habeas petition has been

13   rendered moot, in part, by the California Supreme Court's denial of petitioner's exhaustion

14   petition.  As counsel for respondent acknowledges, petitioner included Claim 4 of his federal

15   habeas petition in his exhaustion petition filed with the California Supreme Court.  Although the

16   California Supreme Court had not ruled on the petition at the time respondent's counsel filed

17   respondent's motion to dismiss, the high court has since denied petitioner's exhaustion petition.

18   See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) ("A prisoner seeking state postconviction

19   relief might avoid this predicament, however, by filing a 'protective' petition in the federal court

20   and asking the federal court to stay and abey the federal habeas proceedings until state remedies

21   are exhausted.").  As to Claim 3 of petitioner's federal habeas petition, the court declines to make

22   a determination at this time as to whether that claim is exhausted.  For the reasons discussed

23   below, by this order the court will allow petitioner to file an amended petition containing all of

24   the claims, including those newly exhausted, that he wishes to pursue in this action.  After

25   screening the amended petition, the court will order respondent to file a new response to the

26   /////

1   amended federal habeas petition.  At that time, respondent's counsel may renew any exhaustion

2   arguments if so desired.

3              As to petitioner's motion for a stay and abeyance, it too has been rendered moot

4   by the California Supreme Court's denial of his exhaustion petition.  Petitioner acknowledges as

5   much in his motion to "vacate" or withdraw his motion for a stay and abeyance.  In any event,

6   after reviewing petitioner's motion for a stay and abeyance, the court notes that petitioner appears

7   to have exhausted his ineffective assistance of counsel claim as well as two additional claims

8   challenging the trial court's alleged improper influencing of the jury and the alleged ineffective

9   assistance provided by petitioner's appellate counsel.  Neither of these latter claims are set forth

10  in the federal habeas petition now before the court.  However, petitioner indicated in his motion

11  for a stay and abeyance that he wishes to eventually amend his federal petition to include all of

12  the claims he presented to the California Supreme Court in his exhaustion petition.  Habeas

13  corpus petitions may be amended as provided in the rules of procedure applicable to civil actions.

14  28 U.S.C. § 2242.  Pursuant to the Federal Rules of Civil Procedure, "a court should freely give

15  leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(b).  Under the circumstances of

16  this case, and in the interest of justice, the court will grant petitioner leave to amend his petition

17  to include all of the exhausted claims he wishes to present in this action.

18             However, the court strongly cautions petitioner that if he elects to include Claim 3

19  of the pending petition in his amended petition, he may still face an exhaustion challenge if he

20  has not fairly presented that claim to the California Supreme Court.  A petitioner satisfies the

21  exhaustion requirement by providing the highest state court with a full and fair opportunity to

22  consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270,

23  276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).  Similarly, the court

24  cautions petitioner that if he elects to amend his petition to include his newly-exhausted claims,

25  he may face a statute of limitations challenge if his newly-exhausted claims are untimely filed

26  with this court and do not relate back to the claims presented in his original federal petition.  A

4

1  petitioner's amendments made after the statute of limitations has run will relate back to the date

2  of his original pleading only if the new claims arose out of the conduct, transaction, or

3  occurrence set forth or attempted to be set forth in the original pleading.  <u>See</u> <u>Mayle v. Felix</u>, 545

4  U.S. 644 (2005).

5  **OTHER MATTERS**

6  Also pending before the court is petitioner's motion for appointment of counsel.

7  There currently exists no absolute right to appointment of counsel in habeas proceedings.  <u>See</u>

8  <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes

9  the appointment of counsel at any stage of the case "if the interests of justice so require."  <u>See</u>

10  Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the

11  interests of justice would be served by the appointment of counsel at the present time.

12  **CONCLUSION**

13  Accordingly, IT IS HEREBY ORDERED that:

14  1.  Respondent's motion to dismiss (Doc. No. 14) is denied without prejudice;

15  2.  Petitioner's motion for a stay and abeyance (Doc. No. 16) is denied as moot;

16  3.  Petitioner's motion to "vacate" or withdraw his motion for a stay and abeyance

17  (Doc. No. 19) is granted;

18  4.  Within thirty days of the date of service of this order petitioner shall file an

19  amended petition containing all of the claims he wishes to proceed on in this action.  Any

20  amended petition must be filed on the form employed by this court, must name the proper

21  respondent, and must state all claims and prayers for relief on the form.  It must bear the case

22  number assigned to this action and must bear the title "Amended Petition";

23  5.  Petitioner's motion for appointment of counsel (Doc. No. 20) is denied; and

24  /////

25  /////

26  /////

1    6.  The Clerk of the Court is directed to send petitioner the form for habeas corpus

2  application.

3  DATED: November 7, 2011.

4

5                                         _____

6                                         DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE
7  DAD:9
   hamp0541.moot
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26