IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY LASHAWN HAMPTON,

      Petitioner,                    No. 2:11-cv-0541 WBS DAD P

    vs.

M. D. McDONALD, Warden,

      Respondent.                 ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motion to amend his petition to add additional claims.  For the following reasons, petitioner's belated motion will be denied.

**I. Background**

        On February 23, 2011, pursuant to the mailbox rule announced in Houston v. Lack, 487 U.S. 266, 176 (1988), petitioner commenced this action by filing a federal petition for writ of habeas corpus.  In that petition, petitioner raised four claims for federal habeas relief: (1) his judgment of conviction should be vacated due to Batson/Wheeler error at his trial; (2) there was insufficient evidence introduced at trial to support his conviction; (3) his judgment of

/////

1  conviction should be vacated due to instructional errors (CAL CRIM No. 1601); and (4) he
2  received ineffective assistance of counsel.
3         On June 24, 2011, counsel for respondent filed a motion to dismiss the original
4  federal habeas petition, arguing that petitioner had failed to exhaust Claims 3 and 4 of that
5  petition by first presenting those claims to the California Supreme Court.  (Doc. 14.)  Initially,
6  petitioner responded to the motion to dismiss by filing a motion for a stay and abeyance.
7  Therein, petitioner explained that he had filed an exhaustion petition with the California Supreme
8  Court asserting his ineffective assistance of counsel claim as well as two other claims for habeas
9  relief.  Not long thereafter, petitioner filed a motion to "vacate" his motion for a stay and
10 abeyance because the California Supreme Court had denied his exhaustion petition.  In addition,
11 petitioner at that time filed an opposition to respondent's motion to dismiss and argued that he
12 had presented Claim 3 of his original federal petition to the state courts "on appeal."  He also
13 reiterated that he had recently exhausted his ineffective assistance of counsel claim in his
14 exhaustion petition before the California Supreme Court.  (Doc. 16 at 3-4, Doc. 19 at 1, Doc. 18
15 at 1-3.)
16        On November 8, 2011, this court issued an order which:  (1) denied respondent's
17 motion to dismiss without prejudice; (2) denied petitioner's motion for a stay and abeyance as
18 moot; (3) granted petitioner's motion to "vacate" or withdraw his motion for a stay and abeyance;
19 and (4) granted petitioner thirty days in which to file an amended petition containing all of the
20 claims he wished to proceed on in this action.  (Doc. No. 21.)  Subsequently, on January 5, 2012,
21 petitioner filed the amended petition on which this action now proceeds.  (Doc. No. 24.)  In that
22 amended petition petitioner raised the following three claims: (1) ineffective assistance of trial
23 counsel; (2) ineffective assistance of appellate counsel; and (3) his constitutional rights were
24 violated because the "trial judge's actions and words inflamed the jury forming a preconceived
25 prejudice."  (Id. at 5.)  On May 4, 2012, respondent filed an answer and lodged with the court all
26 state court records necessary to resolution of the claims set out in the amended petition.  (Doc.

Nos. 28 & 29.)  On June 4, 2012, petitioner filed his traverse.[1]  (Doc. No. 30.)  On September 6, 2012, this court issued findings and recommendations recommending that petitioner's amended application for federal habeas relief be denied.  (Doc. No. 31.)  Therein, petitioner was advised that he could file objections to those findings and recommendations within twenty-one days.

After receiving one extension of time to file his objections to the pending findings and recommendations, petitioner filed with the court a document entitled "Motion to Resubmit Original Habeas Corpus." (Doc. 36.)  Therein, petitioner requests that this court rule on the claims contained in his originally filed petition for writ of habeas corpus and "disregard the second petition that this Honorable Court made a[] decision to deny on September 5, 2012." (Id. at 1.)  Attached to this motion was petitioner's original habeas petition, filed in this court on February 28, 2011.  This court will construe petitioner's "Motion to Resubmit Original Habeas Corpus" as a motion to amend his habeas petition to add additional claims that were contained in his originally filed petition but were not included in his amended petition.[2]

Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may amend his pleadings once as a matter of course before a responsive pleading is served and may seek leave of court to amend his pleading at any time during the proceeding.  See Mayle v. Felix, 545 U.S. 644, 654 (2005); see also In re Morris, 363 F.3d 891, 893 (9th Cir. 2004) (Rule 15(a) applies to habeas actions with the same force that it applies to other civil cases).  Although leave of court should be given freely, a court may deny a motion to amend if the motion is made in bad faith, there would be prejudice to the opposing party, the amendment would be futile or would delay

---

[1] Nowhere in his traverse did petitioner suggest that he had failed to include claims in his amended petition that he wished to proceed upon in this federal habeas action.  Rather, in his traverse petitioner presented arguments only with respect to the claims contained in his amended petition.  He made no mention of the Batson/Wheeler error, insufficiency of the evidence or instructional error claims of his original petition which he had elected not to include in his amended petition.

[2] It does not appear that petitioner's "motion to resubmit" was served on respondent. (Id. at 71.)

3

the action, or if the party acted in a dilatory fashion in seeking leave to amend.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008); Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) (applying these factors with respect to a motion to amend in a habeas case); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (same).  Prejudice to the opposing party is the most important factor in assessing a motion to amend.  See Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990).

Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early.  See Bonin, 59 F.3d at 846.[3]  A motion to amend a pleading is addressed to the sound discretion of the court and must be decided upon the facts and circumstances of each particular case.  See Sackett v. Beaman, 399 F.2d 884, 889 (9th Cir. 1968).

Upon considering the requisite factors in deciding a motion for leave to file an amended complaint, the court will deny petitioner's motion to amend.  Allowing petitioner to amend his petition to add additional claims would be prejudicial to respondent at this late date and would delay the resolution of this action.  Further, petitioner has acted in a dilatory fashion in belatedly seeking leave to amend, especially since he was specifically instructed by the court in the November 8, 2011 order to include all of the claims he wished to proceed on in any amended petition he filed following the exhaustion of previously unexhausted claims in state court.[4]  Petitioner has acted in bad faith in seeking to amend his petition this late in the litigation with claims that were apparent to him when he filed his original petition.  The court also notes that petitioner has not provided any legitimate reason or explanation for why the claims he now seeks

---

[3] These facts might also support a finding that the moving party acted in a dilatory fashion when seeking leave to amend.  Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999).

[4] Specifically, that order provided that "by this order the court will allow petitioner to file an amended petition containing all of the claims, including those newly exhausted, that he wishes to pursue in this action." (Doc. No. 21 at 3) (emphasis added).

4

to add were not included in the amended petition filed with the court on January 5, 2012.  Rather, petitioner merely states that he is a "layman of the law" and "ignorant to the law on how to properly amend a petition." (Doc. 36 at 1.)  These allegations do not support a finding of good cause to add additional habeas claims for the court's consideration at this late date.[5]

Although petitioner is not entitled to further amend his petition, he will be given additional time to file objections to the undersigned's September 6, 2012 findings and recommendations recommending that his amended petition for federal habeas relief be denied.

Accordingly, IT IS ORDERED that:

1. Petitioner's Motion to Resubmit Original Habeas Corpus (Doc. 36) is denied; and

2. Petitioner is granted thirty days from the date of this order to file objections to the September 6, 2012 findings and recommendations.  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: December 10, 2012.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:
hampton541.mta

---

[5] Here, petitioner seeks leave to amend to add claims which he previously chose to abandon only after learning that the court was recommending that he be denied relief with respect to claims that he elected to pursue.  Such circumstances support a conclusion that petitioner has proceeded in a dilatory fashion and/or in bad faith in now seeking further leave to amend.

5